UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER R. FITZGERALD,<br><br>Plaintiff,<br>v.<br><br>LORENZO GLADSON AND ALYSE DRAPER-DEHART,<br><br>Defendants. | CASE NO. 3:26-CV-6035-JLR-DWC<br><br>ORDER DECLINING SERVICE OF COMPLAINT |

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Christopher R. Fitzgerald, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by November 23, 2026, to cure the deficiencies identified herein.

## I. Background

Plaintiff is in custody at Coyote Ridge Corrections Center in Connell, Washington. Dkt. 8 at 2. Plaintiff alleges that Defendants Gladson Lorenzo, a deputy sheriff for the Cowlitz County

Police Department, and Alysa Draper-Dehart, an assistant prosecutor for the Cowlitz County Prosecutor's Office, violated his rights, including the right to a fair trial, by fabricating evidence that was admitted in his criminal trial, suppressing other evidence that was favorable to his defense, and engaging in judicial deception and perjury. *Id.* at 4-42. Plaintiff requests declaratory and monetary relief. *Id.* at 13-18.

**II. Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is, therefore, to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when

committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must instead allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

a. Prosecutorial Immunity

Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427).

Here, Plaintiff is suing Defendant Draper-Dehart for actions she took in her capacity as an assistant prosecutor. *See, e.g.*, Dkt. 8 at 5-6. As Plaintiff's allegations against Defendant Draper-Dehart all involve and relate to her actions as a prosecutor, Plaintiff's claim are barred by prosecutorial immunity. *Imbler*, 424 U.S. at 427.[1]

Therefore, Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Draper-Dehart.

[1] Plaintiff argues that Defendants are not entitled to qualified immunity. Dkt. 8 at 22-29. Qualified immunity is different from the immunity afforded to prosecutors. *See Imbler*, 424 U.S. at 419-20.

b. <u>*Younger* Abstention</u>

Federal courts will generally not intervene in a pending state court criminal proceeding, absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45-46, 91 S. Ct. 756, 27 L. Ed. 2d 669 (1971). *Younger* requires a federal court to abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). A state proceeding is ongoing for purposes of *Younger* abstention until the state appellate review process is complete. *See Dubinka v. Judges of Superior Court of Cal. for Cnty. of L.A.*, 23 F.3d 218, 223 (9th Cir. 1994).

The Court concludes that all *Younger* abstention factors are satisfied. Plaintiff's judgment and sentence arising out of his state conviction were recently affirmed by the Washington State Court of Appeals. *See State of Washington v. Fitzgerald*, No. 59793-4-II (Wash. Ct. of App., Div. II, filed March 24, 2026), *docket available at* https://dw.courts.wa.gov (last accessed October 23, 2026).[2] The court remanded Plaintiff's case for further review in light of a conviction violating double jeopardy. *Id.* at 1-2. The case is now pending review before the Cowlitz County Superior Court. *State of Washington v. Fitzgerald*, Dkt. No. 21-1-00812-1 (Cowlitz Cnty. Sup. Ct. 2026), *docket available at* https://dw.courts.wa.gov (last accessed

---

[2] The Court takes judicial notice of the public records pertaining to Plaintiff's case before the Washington Court of Appeals and the Cowlitz County Superior Court.

October 23, 2026). As a result, there are ongoing state proceedings, and those proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986); *Younger*, 401 U.S. at 43-44.

Moreover, Plaintiff alleges no facts demonstrating that he could not bring his constitutional claims in state court, and consideration of those claims here while Plaintiff's case remains pending in the state court would unduly interfere with the state court proceedings. Additionally, Plaintiff's Complaint does not reveal any extraordinary circumstances that would make abstention inappropriate.

Accordingly, this Court must abstain from entertaining Plaintiff's claims. Plaintiff has, therefore, failed to state a claim upon which relief may be granted.[3]

**III. Conclusion**

Because of the deficiencies identified above, the Court declines to direct Plaintiff's complaint be served on Defendants. Plaintiff is granted leave to file an amended complaint curing the noted deficiencies on or before November 23, 2026. Plaintiff must ensure that the amended complaint carries the same case number as his original complaint. If Plaintiff fails to timely respond to this Order, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing H*al Roach*

---

[3] The Court notes that even if *Younger* abstention did not preclude review of these claims, Plaintiff's claims would be barred under *Heck v. Humphrey*, 512 U.S 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Here, Plaintiff claims, in part, that Defendants violated his right to a fair trial by fabricating evidence. Dkt. 8. Plaintiff has not shown that the conviction has been invalidated.

*Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested. Further, attachments to an amended complaint will not be considered in analyzing whether the amended complaint states a claim.

The Clerk is directed to send Plaintiff the appropriate forms so that Plaintiff may file an amended complaint.

Dated this 23rd day of October, 2026.

David W. Christel
United States Magistrate Judge