UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER R. FITZGERALD,<br>Plaintiff,<br>v.<br>LORENZO GLADSON AND ALYSE DRAPER-DEHART,<br>Defendants. | CASE NO. 3:26-CV-6035-JLR-DWC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

Plaintiff Christopher R. Fitzgerald, who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action, filed a request for Court-appointed counsel. Dkt. 6.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). Only in "exceptional circumstances" may a district court appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. §

1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [his] claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Upon review of Plaintiff's motion, the Court finds the Motion does not support Plaintiff's need for Court-appointed counsel. Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to succeed on the merits of this case. In fact, the Court has declined to serve Plaintiff's Complaint. *See* Dkt. 9. As the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time, Plaintiff's Motion for Court-appointed counsel (Dkt. 6) is denied.

Dated this 23rd day of October, 2026.

David W. Christel
United States Magistrate Judge